Gary S. Deschenes (Id. No. 2293)
DESCHENES & SULLIVAN LAW OFFICES
309 First Avenue North
P.O. Box 3466
Great Falls MT 59403-3466
E-mail: gsd@dslawoffices.net
Telephone (406) 761-6112
Fax No. (406) 761-6784

Attorneys for Debtor/Defendant

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| IN RE:<br><br>EDRA D. BLIXSETH,<br><br>Debtor.<br><br>BEAU BLIXSETH and MORGAN BLIXSETH,<br><br>Plaintiffs,<br><br>vs.<br><br>EDRA D. BLIXSETH,<br><br>Defendant. | No. 09-60452-7<br><br><br><br><br><br>Adversary No. 10-00018 |

## AMENDED ANSWER

COMES NOW, the Defendant, Edra D. Blixseth, by and through her attorney of record, and for her amended answer to Plaintiffs' Complaint states as follows:

1. Defendant admits the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, and 7 of Plaintiffs' Complaint.

2. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraphs 8 and 9 of Plaintiffs' Complaint and, therefore, denies the same.

3. Defendant denies the allegations contained in paragraph 10 of Plaintiffs' Complaint.

4. Defendant admits the allegations contained in paragraphs 11, 12, and 13 of Plaintiffs' Complaint.

5. Defendant is without sufficient knowledge or information to admit or deny the allegations contained in paragraphs 14 and 15 of Plaintiffs' Complaint and, therefore, denies the same.

6. Defendant admits the allegations contained in paragraphs 16 and 17 of Plaintiffs' Complaint.

7. Defendant denies the allegations contained in paragraph 18 of Plaintiffs' Complaint.

8. With regard to paragraph 19, Defendant admits that pursuant to a martial settlement agreement, Timothy L. Blixseth transferred his 30% ownership interest in BFI to her and that thereafter she became the Managing Member of BFI.  Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 19 and, therefore, denies the same.

9. With regard to paragraphs 20, 21, and 22, Defendant admits that the document speaks for itself.

10. Defendant admits the allegations contained in paragraph 23 of Plaintiffs' Complaint.

11. With regard to paragraph 24, Defendant admits the $8,000,000 loan was obtained and Defendant believed it was secured by her shares only in BFI.

12. With regard to the first sentence in paragraph 25, Defendant admits that a meeting was held and admits the Operating Agreement speaks for itself.  With regard to the remaining allegations, Defendant admits the documents speak for themselves.

13. Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Complaint.

14. Defendant admits the allegations contained in paragraphs 27, 28, 29 and 30 of Plaintiffs' Complaint.

15. With regard to the first three sentences in paragraph 31, Defendant admits the allegations. With regard to the last sentence of paragraph 31, Defendant admits that the Operating Agreement speaks for itself.

16. Defendant admits the allegations contained in paragraph 32 of Plaintiffs' Complaint.

17. Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

18. With regard to paragraph 34, Defendant admits that the document speaks for itself.

19. Defendant denies the allegations contained in paragraphs 36, 37, 38, and 39 of Plaintiffs' Complaint.

20. Defendant denies each and every allegation not specifically admitted herein.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are estopped from pursuing this action due to their failure to mitigate their damages.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are estopped from pursuing this action due to contractual interference.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from pursuing this action due to unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from pursuing this action due to Plaintiffs' past conduct of waiving notice by their father receiving money when he was manager.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from prosecuting this action due to their failure to properly extend time to object to discharge and failure to timely file this complaint.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by their Complaint and that Debtor be granted a discharge in this case.

2. For Defendant's reasonable attorney fees and costs incurred herein.

3. For such other and further relief as the Court deems just and proper.

DATED this 30th day of July, 2010.

        DESCHENES & SULLIVAN LAW OFFICES

        BY: */s/Gary S. Deschenes*
            Gary S. Deschenes
            Attorney for Debtor/Defendant

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify under penalty of perjury that the foregoing AMENDED ANSWER was duly served by e-mail or first class mail, postage prepaid upon the following parties in interest, attorneys of record and parties who have filed special notice in this case as shown below on this 30th day of July, 2010.

Jon R. Binney
Binney Law Firm, P.C.
P. O. Box 2253
Missoula MT 59806-2253
jon@binneylaw.com

Kevin O'Connell
Hagen O'Connell LLP
121 SW Morrison Street, Suite 1500
Portland, OR 97204
koconnell@hagenoconnell.com

DATED this 30th day of July, 2010.

        */s/Nichole R. Widhalm*
        Nichole R. Widhalm