## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re | |
| **EDRA D BLIXSETH**, | Case No. **09-60452-7** |
| Debtor. | |
| **BEAU BLIXSETH** and **MORGAN BLIXSETH**, | |
| Plaintiffs. | |
| -vs- | Adv No. **10-00018** |
| **EDRA D BLIXSETH**, | |
| Defendant. | |

## MEMORANDUM of DECISION

At Butte in said District this 6th day of January, 2011.

In this Adversary Proceeding, after due notice, a hearing was held January 4, 2011, in Butte on: (1) Plaintiffs' Motion to Compel Discovery filed November 15, 2010; (2) Defendant's Motion to Compel Answers to Discovery Requests filed November 29, 2010; (3) Defendant's Motion for Summary Judgment filed December 1, 2010; and (4) Defendant's Motion for Protective Order filed December 30, 2010. The Plaintiffs were represented at the hearing by Jon R. Binney of Missoula, Montana and Defendant was represented by Gary S. Deschenes of Great Falls, Montana. The Court heard statements from counsel, but no witness testimony or exhibits

1

were offered.

The Court entered a separate Order on this same date memorializing the Court's oral ruling regarding both pending motions to compel and motion for protective order. This Memorandum of Decision sets forth the Court's findings of fact and conclusions of law with respect to Defendant's Motion for Summary Judgment.

In their Complaint, the Plaintiffs seek to except the sum of $2 million from Debtor's discharge pursuant to 11 U.S.C. § 523(a)(4). Defendant filed a Motion for Summary Judgement on December 1, 2010, seeking judgment in her favor. In support of her motion, Defendant asserts that the following facts are undisputed:

1. Debtor's bankruptcy case was filed on March 26, 2009 under Chapter 11 of the Bankruptcy Code.

2 Debtor's case was converted from a Chapter 11 to a Chapter 7 by Order of this Court entered May 29, 2009.

3. A review of the Claims Register indicates that no Proof of Claim was ever filed in Debtor's case by either Beau Blixseth or Morgan Blixseth.

4. The deadline to file Proofs of Claim in Debtor's case was October 5, 2009.

Plaintiffs have not filed a separate statement of genuine issues as required by Mont. LBR 7056-1(2) and thus, it does not appear that Plaintiffs dispute any of the facts set forth in Defendant's Statement of Undisputed Facts. Plaintiffs filed an affidavit of Beau Blixseth.

Summary judgment is governed by F.R.B.P. 7056. Rule 7056, incorporating FED.R.CIV.P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law."  "The

proponent of a summary judgment motion bears a heavy burden to show that there are no

disputed facts warranting disposition of the case on the law without trial."  *Younie v. Gonya (In*

*re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive*

*Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).  The manner in

which this burden is proven depends on which party has the burden on a particular claim or

defense at the time of trial.

> If the *moving* party will bear the burden of persuasion at trial, that party must
> support its motion with credible evidence–using any of the materials specified in
> Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial.
> Such an affirmative showing shifts the burden of production to the party opposing
> the motion and requires that party either to produce evidentiary materials that
> demonstrate the existence of a "genuine issue" for trial or to submit an affidavit
> requesting additional time for discovery.  If the burden of persuasion at trial would
> be on the *non-moving* party, the party moving for summary judgment may satisfy
> Rule 56's burden of production in either of two ways. First, the moving party may
> submit affirmative evidence that negates an essential element of the nonmoving
> party's claim. Second, the moving party may demonstrate to the Court that the
> nonmoving party's evidence is insufficient to establish an essential element of the
> nonmoving party's claim.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 330-34, 106 S.Ct. 2548, 2557, 91 L.Ed.2d 265 (1986)

(Brennan dissent) (citations omitted). *See also Nissan Fire & Marine Ins. Co., Ltd. v. Fritz*

*Companies, Inc.*, 210 F.3d 1099, 1102-06 (9th Cir. 2000) (discussing burdens for withstanding

summary judgment).

When seeking summary judgment, the moving party must initially identify those portions

of the record before the Court which it believes establish an absence of material fact.  *T.W. Elec.*

*Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987).  If the moving

party adequately carries its burden, the party opposing summary judgment must then "set forth

specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48, 106 S.Ct. at 2509. However, "[d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv.*, 809 F.2d at 630 (citing *Liberty Lobby*, 477 U.S. at 248, 106 S.Ct. at 2510). "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *Id*.

If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine

4

whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence.  *T.W. Elec. Serv.*, 809 F.2d at 631.  In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law.  *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

While the Court does not look favorably upon Plaintiffs' failure to file a separate statement of genuine issues, the Court, after reviewing the Plaintiffs' Complaint and Defendant's Statement of Undisputed Facts, cannot conclude that Defendant is entitled to judgment as a matter of law.  A review of Plaintiffs' complaint suggests that Plaintiffs' claim against the Debtor stems from their collective 20 percent ownership interest in Blixseth Family Investments, LLC. Plaintiffs contend that without proper member notification and in violation of Blixseth Family Investments, LLC's operating agreement, Defendant caused Blixseth Family Investments, LLC to borrow $10 million.  Plaintiffs argue that none of the $10 million loan proceeds were used for the benefit of Blixseth Family Investments, LLC.   Rather, Plaintiffs maintain that Defendant used the loan proceeds for her personal benefit.  The record reflects that Blixseth Family Investments filed a Proof of Claim in Debtor's bankruptcy case on August 6, 2009, asserting an unsecured claim of $10,749,095.89.

Because Blixseth Family Investments filed a proof of claim and because Plaintiffs' adversary claim stems from their ownership interest in Blixseth Family Investments, the Court cannot, given the limited undisputed facts asserted by Defendant, conclude that all issues of genuine material fact are resolved in Defendant's favor.  Therefore, summary judgment is not appropriate.  Accordingly, the Court will enter a separate order providing as follows:

IT IS ORDERED Defendant's Motion for Summary Judgment filed December 1, 2010, is DENIED.

BY THE COURT

HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana